Electronically Filed
7/22/2020 9:35 AM
Steven D. Grierson
CLERK OF THE COURT

ACOM
**LEON R. SYMANSKI, ESQ.**
Nevada Bar # 8686
**CRAIG P. KENNY & ASSOCIATES**
501 S. 8th Street
Las Vegas, NV 89101
(702) 380-2800
litigation@cpklaw.com
Attorneys for Plaintiff

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

JO ANN BOWMAN,

    Plaintiff,

v.

MARSHALLS of MA, Inc.; DOE EMPLOYEES I through X, DOES I through X, and ROE CORPORATIONS I through X, inclusive,

    Defendants.

CASE NO. A-20-817735-C
DEPT. NO. 4

## FIRST AMENDED COMPLAINT

Plaintiff JO ANN BOWMAN, by and through her attorneys, the Law Offices of CRAIG P. KENNY & ASSOCIATES, alleges as follows:

1. That at all times mentioned herein and material hereto, Plaintiff JO ANN BOWMAN was and is a resident of Clark County, Nevada.

2. That Defendant, MARSHALLS of MA, Inc., at all times mentioned herein, a business licensed to operate in Clark County, Nevada; doing business as MARSHALLS (hereinafter "MARSHALLS").

3. That at all times mentioned, Defendants and each of them, were the principals, agents, servants, employers, employees, contractors, contractees, and/or sub-contractors, or sub-contractees for the remaining Defendants, and in so doing the things herein described, were acting within the course and scope of said relationship.

4. That at all times mentioned herein, Defendant DOE EMPLOYEE was an employee and/or agent of Defendants MARSHALLS and/or ROE CORPORATIONS I through X, and that all acts or omissions mentioned herein which were performed by Defendant DOE EMPLOYEE, were performed within the course and scope of his/her employment/agency with said Defendants.

1

5. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOE EMPLOYEES I through X, DOES I through X, inclusive, and ROE CORPORATIONS I through X inclusive, are unknown to Plaintiff and Plaintiff will ask this Court to amend this Complaint to show the true names and capacities of these Defendants when they become known to Plaintiffs. Plaintiff believes that each Defendant named as a DOE and ROE were negligent or in some way caused and is therefore responsible for the damages suffered by the Plaintiff.

6. That on August 11, 2018 in Clark County, Nevada, Plaintiff slipped and fell on liquid which had been deposited on the floor by DOE EMPLOYEE, of MARSHALLS, located at 3785 S. Las Vegas Boulevard, Las Vegas, Nevada 89109 (the "Premises") as the result of the negligence of Defendant MARSHALLS. Defendant MARSHALLS was negligent in failing to properly to secure and maintain the Premises in a safe and proper manner, so as to assure that no liquid would be deposited on the floor of the Premises.

7. That Defendant left the liquid in the walkway and provided no warnings for invitees such as Plaintiff. Defendant knew or should have known that leaving liquid in the walkway without warning, created a hazard to invitees such as Plaintiff. Defendant owed an affirmative duty of care to make the premises safe to invitees such as Plaintiff. Defendant breached its duty of care to Plaintiff by leaving liquid in the walkway and providing no warnings. As a direct and proximate result of this breach, Plaintiff suffered injuries.

8. That it was then and there the duty of Defendants, and each of them, their agents, servants and/or employees, to exercise reasonable care in maintaining the Premises, so as not to cause injury or damage to Plaintiff or others around said Premises.

9. Plaintiff alleges that since Defendant DOE EMPLOYEE's negligence was committed within the scope of his/her employment with Defendant MARSHALLS, and/or ROE CORPORATIONS I through X, these Defendants are vicariously liable for the negligence of Defendant DOE EMPLOYEE pursuant to the doctrine of respondeat superior.

10. That at all times mentioned herein, Defendant DOE EMPLOYEE was an employee and/or agent of Defendant MARSHALLS, and/or ROE CORPORATIONS I through X. These Defendants hired Defendant DOE EMPLOYEE without conducting a reasonable investigation of Defendant DOE EMPLOYEE. If Defendants had conducted a reasonable investigation of Defendant

1  DOE EMPLOYEE, Defendants would have known that Defendant DOE EMPLOYEE was incompetent, reckless, and/or careless and not able to conduct his/her job duties in a reasonable manner. In failing to adequately investigate Defendant DOE EMPLOYEE, Defendants and each of them were negligent in their hiring of Defendant DOE EMPLOYEE. As a result of Defendants' negligent hiring of Defendant DOE EMPLOYEE, Plaintiff was injured.

11. That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff suffered serious and disabling injuries, in an amount in excess of $15,000.00.

12. That as a further direct and proximate result of the aforesaid negligence of Defendants and each of them, Plaintiff has been and will in the future be caused to expend sums of money for medical care and expenses, the total amount of which is in excess of $15,000.00.

13. That Plaintiff is entitled to prejudgment and postjudgment interest on any recovery in this matter.

14. That it has been necessary for Plaintiff to retain the services of the Law Pffices of Craig P. Kenny & Associates and therefore Plaintiff is entitled to reasonable attorneys fees and costs as damages in this action.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1. For general and special damages in a sum in excess of $15,000.00;
2. For reasonable attorneys fees, costs, prejudgment and postjudgment interest; and,
3. For such other and further relief as the Court may deem appropriate.

DATED this ___21st___ day of July, 2020.

**CRAIG P. KENNY & ASSOCIATES**

By: _____
LEON R. SYMANSKI, ESQ.
Nevada Bar #8686
501 S. 8th Street
Las Vegas, NV 89101
Attorneys for Plaintiff

3